UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MORIAMO L. ABABIO,<br><br>Plaintiff,<br><br>v.<br><br>ELIOT COMMUNITY HUMAN SERVICES, INC., JOSEPH DODD, and AARON KATZ<br><br>Defendants. | Civil Action No. _____ |

## NOTICE OF REMOVAL

Defendants Eliot Community Human Services, Inc. ("Eliot"), Joseph Dodd, and Aaron Katz, who is incorrectly denominated in the Complaint as "Erin" (together, the "Defendants"), hereby jointly remove the above-captioned civil action filed in Quincy District Court of the Commonwealth of Massachusetts (the "State Court") to the United States District Court for the District of Massachusetts, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and 29 U.S.C. §§ 132 and 1144.

## STATEMENT OF GROUNDS FOR REMOVAL

1.  The Defendants are parties to a civil action captioned *Moriamo L. Ababio v. Eliot Community Human Services, Inc. et al.*, pending in the State Court.

2.  The Complaint in the Action alleges, among other things, that the Defendants have violated the collective bargaining agreement by "suspend[ing] [Ms. Ababio] without pay for more than a month" while the company investigated whether or not her failure to report to work on January 31, 2016 was a no-call-no-show. *See* Complaint, attached as Exhibit A, at ¶ 2. She alleges that, subsequent to the no-call-no-show, she "visited [her] doctor for follow up since

[she] was better [and] gave the doctor[']s note to the company on meeting with them [a] few days later while the union was present [and] they demanded [her] personal phone record to prove where [she] was . . . ." *See id.* Ms. Ababio alleged her understanding of the agreement "between [her]self and [the] company with the presen[ce] of the union" was that she "would be paid if it was determined that [she] was on the road to work [that day] as [she] claimed." *See id.* at ¶ 3.

3. During her employment, Ms. Ababio was subject to a collective bargaining agreement between Eliot and Local 509, SEIU (the "CBA"). *See generally* the CBA, attached as Exhibit B. Resolution of Ms. Ababio's claims will require the court to interpret the parties' collective bargaining agreement: specifically, the clauses pertaining to discipline and sick leave. For example, the CBA contains a provision stating that "When a supervisor of an employee has reason to believe that sick leave is being abused, the supervisor may require the submission of satisfactory medical evidence. Failure to provide such evidence within ten (10) days of its request will result in denial of sick leave and/or disciplinary action." *See* CBA at Section 12.5. The CBA also contains a provision that states that "Employees suspended pending an investigation of an Agency related allegation against them, shall be <u>suspended with pay unless the allegation is a terminable offense</u>." *See* CBA at Article 14D (emphasis added).

4. When "[t]he heart of the [state-law] complaint [is] a . . . clause in the collective bargaining agreement," that complaint arises under federal law, specifically, the Labor Management Relations Act, Section 301. *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers*, 390 U.S. 557, 558 (1968). "[T]he pre-emptive force of § 301 is so powerful as to displace entirely any state cause of action 'for violation of contracts between an employer and a labor organization.'" *Franchise Tax Bd. of State of Cal. v. Constr. Laborers*

*Vacation Trust for S. California*, 463 U.S. 1, 23 (1983); *see also Flibotte v. Pennsylvania Truck Lines,* 131 F.3d 21, 26 (1st Cir.1997) ("Section 301 preempts a state-law claim, whether founded upon the state's positive or common law, if a court, in passing upon the claim, would be required to interpret the [parties'] collective bargaining agreement.")

5. If the state law claim "plausibly can be said to depend upon the meaning of one or more provisions within the collective bargaining agreement," then "there is federal jurisdiction to resolve the federal question and a defendant can remove to federal court a case initially filed in state court and purporting to make claims falling only under state law." *Rueli v. Baystate Health Inc.*, No. CIV.A. 14-10319-MGM, 2015 WL 132662, at *2 (D. Mass. Jan. 9, 2015), *aff'd*, 835 F.3d 53 (1st Cir. 2016). Federal district courts have original jurisdiction over actions arising under laws of the United States. *See* 28 U.S.C. § 1331. And pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."

6. This action is removable even if the court views Plaintiff's complaint to allege other state law causes of action: If one or more of a plaintiff's claims are preempted by federal law and are therefore removable to federal court, the entire case is removable. *See Cavallaro v. UMass Mem. Healthcare, Inc.*, 678 F.3d 1, 5 (1st Cir.2012). Any remaining claims may be heard pursuant to this Court's supplemental jurisdiction. *See* 28 U.S.C. §§ 1367(a), 1441(c).

7. Accordingly, removal is proper and the District Court for the District of Massachusetts may properly invoke its subject matter jurisdiction under 28 U.S.C. § 1331.

8. Ms. Ababio filed the Complaint in this Action in the State Court on November 16, 2016. The Defendants received service of the Summons and Complaint on November 18, 2016. No further pleadings have been filed in the Action (all pleadings and notices in this action are

attached as Exhibit A). Consequently, this Notice of Removal is timely filed as it is within 30 days of service of the Summons and Complaint to the Defendants. *See* 28 U.S.C. §1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that the 30-day removal period runs from the date of formal service of process).

9. No previous application has been made for the relief requested herein.

10. All Defendants in the Action consent to this Notice of Removal.

11. In accordance with 28 U.S.C. § 1446(d), Defendants certify that a Notice of Filing of Notice of Removal will be sent promptly to the Clerk of the Court for the State Court for filing and will be served promptly on Ms. Ababio.

12. Included with this Notice of Removal is the filing fee of $350, as required by 28 U.S.C. § 1914 and Local Rule 4.5.

13. Pursuant to Local Rule 81.1(a), within 28 days from the filing of this Notice of Removal, Defendants will file certified or attested copies of all records and proceedings in the State Court and a certified or attested copy of all docket entries in the State Court.

WHEREFORE, Defendants respectfully request that this case be removed from the State Court to the United States District Court for the District of Massachusetts.

Dated: December 16, 2016

                                      Respectfully submitted,

                                      ELIOT COMMUNITY HUMAN SERVICES, INC., JOSEPH DODD, and AARON KATZ

                                      By their attorneys,

                                      */s/ Jenny K. Cooper*  
                                      Jenny K. Cooper (BBO#646860)  
                                      Aaron G. Gingrande (BBO# 688340)  
                                      ROPES & GRAY LLP  
                                      Prudential Tower  
                                      800 Boylston Street  
                                      Boston, MA 02199-3600  
                                      Telephone: (617) 951-7000  
                                      Facsimile: (617) 951-7050  
                                      Jenny.Cooper@ropesgray.com  
                                      Aaron.Gingrande@ropesgray.com

## CERTIFICATE OF SERVICE

I, Jenny K. Cooper, hereby certify that a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants.

Dated: December 16, 2016                                      /s/ *Jenny K. Cooper*
                                                              Jenny K. Cooper